```
        THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

                              NORTHERN DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
UNITED STATES OF AMERICA,        )    Case No.  1:07CR00078 DS

            Plaintiff,           )

       vs.                       )
                                          MEMORANDUM DECISION
JOHN McCALLISTER HOOD,           )             AND ORDER

            Defendant.           )
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

### I.  INTRODUCTION

Defendant filed a Motion to Dismiss for Destruction of Evidence (Doc. #44). An evidentiary hearing was held on November 12, 2008. The parties have submitted post hearing memoranda and the matter is ripe for decision.

Briefly stated, the relevant facts are these. On September 14, 2006, Stacy Wilbert ("Wilbert") was found in possession of methamphetamine. She told officers that Defendant was her dealer and that she was willing to call him and request a delivery of methamphetamine to her residence. Defendant subsequently appeared at Wilbert's residence with a backpack, a search of which revealed 5 plastic bags which field tested positive for methamphetamine. The 5 bags were placed in evidence at the Ogden City Police Department. On October 5, 2006, Officer Brandon Beck went to the evidence room and emptied the five plastic bags into another bag so

that the five original bags could be transferred and processed for fingerprints.  Those five bags have since been destroyed.  The bag in which Officer Beck had placed the Methamphetamine was delivered to the crime laboratory for analysis.  On May 22, 2007, Officer Chad Ferrin obtained the methamphetamine and used it for K-9 training.  On May 19, 2008, another officer returned the methamphetamine to the Ogden Police Department evidence room.

## II.  DISCUSSION

The destruction of evidence by the government prior to trial violates a defendant's due process rights when (1)the government destroys evidence whose exculpatory value was apparent before it was destroyed, and (2)the evidence is of such a nature that the defendant would be unable to obtain comparable evidence by any other reasonably available means.  *California v. Trombetta*, 467 U.S. 479, 489 (1984).  If the exculpatory value of the evidence is not apparent and all the defendant can show is that it would be "potentially useful" for the defense, then the Defendant must show that the government acted in bad faith in destroying the evidence. *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988).

Defendant asserts that the *Trombetta* test was violated because "[t]he original bags of material obtained were combined, the bags it had been in were destroyed, the tape recordings were all erased, and the remaining combined material was turned over to another law

enforcement for K-9 training", destroying the chain of custody. Mem. Supp. pp. 5-6.

The Court is not persuaded that the *Trombetta* test has been met. Defendant fails to establish what the apparent exculpatory value of the destroyed evidence is or that the destroyed evidence would exculpate him. Field tests and Crime lab reports establish the presence of methamphetamine and witness testimony establishes Defendant's possession. Defendant is free to use any alleged government missteps for impeachment purposes at trial.

At most, Defendant's position amounts to an argument that the destroyed evidence would be potentially useful.[1] However, the Court finds that Defendant has not presented any evidence of bad faith and, therefore, has failed to meet his burden of establishing that the government acted in bad faith as required under *Youndblood*.

---

[1] Defendant urges:
First, by combining all the material into one bag before testing it, the defense cannot actually now measure the quantity of pure methamphetamine originally seized from Mr. Hood, if any. By destroying the baggies the material was in, the defense cannot test them for methamphetamine residue. Breaking the chain of evidence with regard to the material prevents the defense from knowing whether what is now in evidence with regard to the material prevents the defense from knowing whether what is now in evidence is what was removed from evidence.
Mem. Supp. P.6

### III. CONCLUSION

For the forgoing reasons, as well as those set forth by the United States in its pleadings, Defendant John McCallister Hood's Motion to Dismiss (Doc. #44) is DENIED.  IT IS SO ORDERED.

DATED this 13 day of January, 2009.

BY THE COURT:

*David Sam*
DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT